# United States Court of Appeals for the Fifth Circuit

No. 21-60452
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 16, 2022

Lyle W. Cayce
Clerk

Jesus Alberto Delgadillo-De Avila,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 270 551

---

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Jesus Alberto Delgadillo-De Avila, a native and citizen of Mexico, seeks review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a final removal order by an Immigration Judge (IJ). We review factual findings under the substantial evidence standard and legal

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

questions de novo.  *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012).

Proceeding pro se, Delgadillo-De Avila challenges the determination that he was removable under 8 U.S.C. § 1227(a)(2)(B)(i) as an alien who was convicted of a controlled substance offense.  We need not reach this issue, however, because the removal order also rested on the finding that Delgadillo-De Avila was removable under 8 U.S.C. § 1227(a)(1)(B) for overstaying his visa.  *See Capital Concepts Props. 85-1 v. Mut. First, Inc.*, 35 F.3d 170, 176 (5th Cir. 1994).  Delgadillo-De Avila conceded removability for the visa overstay, and he does not challenge that basis for removability now, thereby waiving the issue.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Delgadillo-De Avila's remaining arguments lack merit.  Substantial evidence supports the determination that he did not satisfy his burden to demonstrate eligibility for asylum, withholding of removal, or relief under the Convention Against Torture (CAT).  *See Orellana-Monson*, 685 F.3d at 518. The record likewise does not support Delgadillo-De Avila's argument that he was prevented or prohibited from presenting his case before the IJ. Finally, to the extent that Delgadillo-De Avila asserts that his removal would result in extreme hardship to his United States citizen children or that he qualifies for voluntary departure, he failed to raise either argument before the IJ or the BIA, and we lack jurisdiction to consider them for the first time on appeal.  *See Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009).

Accordingly, the petition for review is DENIED in part, *see Orellana-Monson*, 685 F.3d at 517-18, and DISMISSED in part, *see Omari*, 562 F.3d at 319.